FILED
CLERK, U.S. DISTRICT COURT

JAN 1 3 2003

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

RAYNESHA L. SHAMBURGER, a minor by and through her Guardian Ad Litem, JOY SUTTON, ARTHUR SHAMBURGER, by his successor-in-interest, RAYNESHA L. SHAMBURGER, by her Guardian Ad Litem, and RODERICK CARR and YADDIRA GONZALES, individuals,

    Plaintiffs,

vs.

CITY OF LOS ANGELES, JOHN LAWRENCE, KEVIN CHAPPLE and Does 3 through 25, inclusive,

    Defendants.

CASE NO. CV 01-9461 DT (AJWx)

ORDER **GRANTING** PLAINTIFFS RAYNESHA L. SHAMBURGER, A MINOR BY AND THROUGH HER GUARDIAN AD LITEM, JOY SUTTON, ARTHUR SHAMBURGER, BY HIS SUCCESSOR-IN-INTEREST, RAYNESHA L. SHAMBURGER, BY HER GUARDIAN AD LITEM, AND RODERICK CARR AND YADDIRA GONZALES' MOTION TO EXTEND DISCOVERY CUT-OFF DATE



JAN 1 5 2003

## I.    Background

### A.    Factual Summary

This action is brought by Plaintiffs Raynesha L. Shamburger, a Minor by and Through Her Guardian Ad Litem, Joy Sutton, Arthur Shamburger, by His Successor-in-interest, Raynesha L. Shamburger, by Her Guardian Ad Litem, and

24

Roderick Carr and Yaddira Gonzales against Defendants City of Los Angeles, John Lawrence and Kevin Chapple for wrongful death, survivor's action, trespass, invasions of privacy, intentional infliction of emotional distress and violation of civil rights.

The following facts are alleged in the First Amended Complaint ("FAC"):

Plaintiff Raynesha Shamburger was a minor, represented by her Guardian Ad Litem and mother, Joy Sutton. (See FAC, ¶ 12.) She was the natural daughter of the decedent, Arthur Shamburger ("Decedent"). (See FAC, ¶ 12.)

On or about August 25, 2000, Decedent was operating a motor vehicle and parked said vehicle in the driveway at 2106 5th Avenue, Los Angeles, California. (See id. at ¶ 13.) At the time, Defendants John Lawrence and Kevin Chapple, police officers employed by Defendant City of Los Angeles ("Officer Defendants"), were observing and/or following the vehicle. (See id. at ¶ 14.) After Decedent had parked the vehicle in the driveway, he exited the vehicle and was walking up and across the driveway toward the front door of the residence. (See id. at ¶ 15.) At that time, the Officer Defendants committed a battery and/or other negligent act upon Decedent by wrongfully shooting him with their handguns, which was the cause of his death shortly thereafter. (See id. at ¶ 16.) Defendant City of Los Angeles ("City") is legally responsible for the wrongful death of Decedent under the doctrine of respondeat superior. (See id. at ¶ 17.) Medical attention was negligently or deliberately delayed by unknown members of the City Police Department. (See id. at ¶ 19.) As a result of the aforesaid acts, Decedent lapsed into a coma from which he never recovered and expired on September 6, 2000. (See id. at ¶ 20.)

In the third cause of action for trespass, Plaintiffs Carr and Yaddira Gonzales ("Gonzales") allege that following the shooting of Decedent, they were subjected to a non-consensual entry upon their property and into their residence by unknown members of the LAPD. (See id. at ¶ 29.) The Gonzales' were forcibly removed from their residence which was then occupied and searched for an extended period of time while they were excluded. (See id. at ¶ 30.) Said search was also an unreasonable violation of their Fourth Amendment right. (See id. at ¶ 34.) The Gonzales' were not told that they were under arrest but were physically restrained and/or transported against their will to an LAPD station where they were held for hours against their will. (See id. at ¶ 40.)

## B.   Procedural Summary

On October 5, 2001, Plaintiffs filed a Complaint for Damages in the Superior Court of the State of California for the County of Los Angeles.

On November 2, 2002, the City filed a Notice of Removal of Action based on diversity.

On November 7, 2001, the City filed an Answer.

On January 7, 2002, this Court held a Scheduling Conference and set the following dates: discovery cutoff of December 6, 2000; and pretrial conference and further status conference of February 3, 2003

On March 7, 2002, Plaintiffs filed a Motion to Amend Complaint to Add Defendants.

On March 27, 2002, pursuant to Stipulation, this Court ordered Plaintiff's proposed First Amended Complaint adding Defendants John Lawrence and Kevin Chapple as individual defendants deemed filed. On this same date, the First Amended Complaint was filed.

3

On April 18, 2002, the City and Officer Defendants filed their Answer to First Amended Complaint.

On December 6, 2002, Plaintiffs filed a Motion to Extend Discovery Cut-Off Date, which is currently before this Court.

## II.   Discussion

### A.   Standard

The court can modify a scheduling order upon a showing of good cause. See Fed. R. Civ. P. 16(b).  The "good cause" standard focuses on the diligence of the party seeking the amendment. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  Thus, the court can modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." See id. (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

### B.   Analysis

Plaintiffs seek an Order extending the discovery cut-off date, currently set for December 6, 2002, because their counsel has been engaged in consecutive jury trials, essential discovery necessary to their prosecution has not been provided by Defendants, and scheduling conflicts with defense counsel's calendar prevented the taking of noticed depositions.

Based on the declaration of Plaintiffs' counsel, this Court finds good cause to extend the discovery cut-off date.  Plaintiffs' counsel has been engaged in consecutive jury trials, and the most recent trial concluded on November 25, 2002. Plaintiffs are awaiting outstanding discovery from Defendants, and they have noticed and scheduled the depositions of Defendants and non-party witnesses but were unable to go forward with them due to conflicts with defense counsel's

schedule. As such, it appears that the discovery cut-off date cannot be met by Plaintiffs despite their diligence.

Defendants oppose this motion and argue that Plaintiffs have been provided with all documents except those that have been identified in privilege logs and that Plaintiffs raised no objections to the adequacy of the City's response to the production requests at any time prior to this motion. Defendants further argue that they were available for certain depositions but that Plaintiffs' counsel unilaterally canceled them. This Court acknowledges that Plaintiffs have not identified any pending motions to compel. Nonetheless, by extending the discovery cut-off date for 30 days from the date of this Order, Plaintiffs are precluded from propounding additional discovery requests, but they may still notice depositions and bring any motions to compel, all of which are consistent with this Court's Order for Jury Trial.[1] In making this Order, this Court expresses no opinion as to the merit of any such motion to compel. Defendants further argue that they would be prejudiced by granting additional discovery to Plaintiffs, yet Defendants fail to articulate any prejudice which would preclude this Court from extending the discovery cut-off date.[2] "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609.

---

[1] Consistent with this Court's Order for Jury Trial, the parties are reminded that "[c]onsistent resort to the Court for guidance in discovery is unnecessary and will result in the Court appointing a Special Master at the joint expense of the parties to resolve discovery disputes."

[2] Defendants state that an extension would prolong trial in this matter; however, a trial date has not been set yet, and given this Court's current caseload, it is unlikely that this trial would proceed in the near future.

5

C.    **Conclusion**

Accordingly, this Court **grants** Plaintiffs Raynesha L. Shamburger, a Minor by and Through Her Guardian Ad Litem, Joy Sutton, Arthur Shamburger, by His Successor-in-interest, Raynesha L. Shamburger, by Her Guardian Ad Litem, and Roderick Carr and Yaddira Gonzales' Motion to Extend Discovery Cut-Off Date.  The Court vacates the previous dates and assigns the new dates as follows:

Discovery Cut-Off:                    February 12, 2003

Pre-trial Conference and

      Trial Setting Conference:        April 14, 2003

IT IS SO ORDERED.

DATED:      JAN 1 3 2003

**DICKRAN TEVRIZIAN**

Dickran Tevrizian, Judge
United States District Court

6